AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Seizure of <br> *(Briefly describe the property to be seized)* <br> Contents of Bank of America, Account No. 501025661732, in the Name of Jeremy M. Skeens | Case No. 1:21-MJ-00233 |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the __Southern__ District of __Ohio__ is subject to forfeiture to the United States of America under __18__ U.S.C. § __981(a)(1)(C) (civil)__ *(describe the property)*:

Contents of Bank of America, Account No. 501025661732, in the Name of Jeremy M. Skeens.

The property also is subject to criminal forfeiture under 18 U.S.C. § 981(a)(1)(C) in connection with 28 U.S.C. § 2461(c).

The application is based on these facts:

See Affidavit which is attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Douglas J. Dean*
*Applicant's signature*

Douglas J. Dean, Special Agent, USSS
*Printed name and title*

Sworn to before me and signed in my presence.
**via electronic means, specifically Facetime video.**

Date: **Mar 19, 2021**

*Stephanie K. Bowman*
*Judge's signature*

City and state: Cincinnati, Ohio

Stephanie K. Bowman, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT**

I, Douglas J. Dean, a Special Agent with the United States Secret Service, hereinafter referred to as the Affiant, being duly sworn, depose as follows:

### INTRODUCTION

1. I have been a Special Agent of the United States Secret Service from April 2000 through the present and am currently assigned to the Cincinnati Field Office. I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the U.S. Secret Service James J. Rowley Training Center. My responsibilities include financial crimes investigations, bank fraud, counterfeit, and other violations with a nexus to the U.S. Secret Service.

2. I am currently assigned to the Southern District of Ohio Cyber Crimes Task Force ("SDOHCFTF"), which is operated by the United States Secret Service. This Task Force consists of the following departments: Blue Ash Police Department, Boone County Sheriff's Office, Campbell County Police Department, Cincinnati Police Department, Covington Police Department, CVG Airport Police Department, Florence Police Department, Hamilton County Sheriff's Department, Hamilton Police Department, Mason Police Department, Miami University Police Department, Middletown Police Department, Ohio Department of Public Safety, Springdale Police Department, Warren County Sheriff's Office, and West Chester Police Department.

### PURPOSE OF AFFIDAVIT

3. An ongoing criminal investigation is currently being conducted by the "SDOHCFTF" which has developed evidence that Jeremy SKEENS, and others, has committed and continues to commit violations of 18 U.S.C. § 1343 (Wire Fraud). The case originated upon receipt of a telephone call to the Warren County Sheriff's Office (WCSO) from Warren County Adult Protective Services (APS), regarding suspicious activity on an elderly individual's bank account.

4. The facts and information contained herein are based on my personal knowledge and experience, that of other special agents, Task Force officers, other law enforcement personnel, surveillance operations, and from persons with knowledge regarding the relevant facts and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

5. This affidavit is made under Rule 41 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 981(b) (seizure of property for civil forfeiture), and 21 U.S.C. § 853(f) (seizure of property for criminal forfeiture) in support of an application for a civil-criminal seizure warrant to seizure the contents of the following bank accounts, which I will collectively call the **TARGET ACCOUNTS**:

    a.    The contents of bank account number 501025661732, a personal checking account at Bank of America. The subject account was opened on September 30, 2020, under the name of Jeremy M. Skeens. Jeremy Skeens is the sole authorized signer on the account.

    b.    The contents of bank account number 5010197835, a business checking account at Bank of America. The subject account was opened on October 2, 2020, under the name of Landcorp Ground Specialists LLC. Jeremy Skeens is the sole authorized signer on the account.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that the **TARGET ACCOUNTS** are subject to seizure for civil and/or criminal forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) (civil) and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (criminal), as property which constitutes or is derived from proceeds traceable to an offense constituting specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343.

7. In addition, 18 U.S.C. § 984 applies in any civil forfeiture action in which (1) the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution, or precious metals; and (2) the forfeiture action is commenced not more than one year from the date of the offense. Under Section 984(a)(2), "any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." Therefore, this affidavit need not demonstrate that the funds now on deposit in the **TARGET ACCOUNTS** are traceable directly to the offenses that are the basis for forfeiture (so long as the forfeiture is sought for other funds on deposit in the same accounts and the forfeiture action is commenced not more than one year from the date of the offense). I further submit that, to the extent that the funds now held within those accounts are not traceable to or involved in the illegal activity specified herein, the funds are identical property found in the same accounts as the property traceable to or involved in the specified offenses, subjecting the funds to forfeiture under 18 U.S.C. § 984.

8. In addition, pursuant to 21 U.S.C. § 853(f), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the "Government may request the issuance of a [criminal] warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that [a protective order under 21 U.S.C. § 853(e)] may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property."

9. Based on my training and experience, I know that restraining orders served on banks sometimes fail to preserve the property for forfeiture because the bank representative receiving the restraining order fails to put the necessary safeguards in place to freeze the money in time to prevent the account holder from accessing the funds electronically, or fails to notify the proper personnel as to the existence of the order, or the bank exercises its own right of setoff to satisfy an outstanding debt owed to the bank by the account holder. In contrast, where electronic funds are concerned, a seizure warrant guarantees that the funds

will be in the Government's custody once the warrant is served.

## THE INVESTIGATION

10. On or about January 7, 2021, Chase Bank and Charles Schwab contacted the Warren County Adult Protective Services to report suspicious wire transfers from an elderly individual's personal bank and investment accounts. That information was then forwarded to the WCSO.

11. On or about January 8, 2021, Warren County Sheriff's Deputies telephonically contacted the victim, an individual with the initials P.B. P.B. advised that he/she was at a Chase Bank in Brandon, Florida, and was in the process of wiring $419,070.00 to Landcorp Ground Specialists LLC. When asked if he/she was with an individual named Jeremy SKEENS, the victim advised he/she was with an individual they know as Jeremy Smith.

12. On or about January 20, 2021, P.B. met with WCSO Detectives. P.B. advised he/she believed he/she was investing in Mr. SKEENS landscaping business, Landcorp Ground Specialists LLC. P.B. advised SKEENS has been taking care of his/her lawn for approximately four (4) years.

13. P.B. advised that in or about October 2020, SKEENS approached him/her with an investment opportunity. SKEENS said he was going to buy a landscape contract through Towne Properties and that they would be 50/50 business partners. P.B. advised SKEENS wrote down an agreement on a piece of notebook paper and both parties signed it; however, SKEENS took the piece of paper with him.

14. On or about February 3, 2020, P.B. was interviewed at WCSO office by this Affiant regarding this investigation. During that interview, P.B. advised SKEENS has been contacting him/her via text message. P.B. provided the below text message regarding the business agreement with SKEENS. Further, a forensic image of P.B. cellular telephone was captured by WCSO.

> From: +15135444619 Jeremy Landcorp
> I'm not sure why you just went silent and I've tried to let you know I'm not angry it all has just hurt. Yesterday you asked of me to get ahold of my lawyer and I did that. I did speak to him about him helping us get our agreement that we wrote out at your house together about the company so we both have it for our records confirming you being the 50% owner of it as we've discussed for months and wrote out at your home. There was nothing more to you talking to him than that other than trying to help get this all formalized and if you had any questions for him he could help with advice that is what I thought you wanted me to do then I did it and then you stopped talking. So hopefully you're ok but I know as you know we need to get on paper what we've already written down about all the company stuff and having a lawyer do that so it can be done and he's able to help finalize that so let me know. There was no reason for you to speak to my attorney other than you asking me for his thoughts and him being able

3

       to help with finalizing all of this which is exactly what we told the police we were in process of doing as well. I was simply only doing what you had been asking me yesterday to do that was all about calling him. So let me know you're ok and what to do about the agreements
Status: Read
Read: 1/12/2021 6:04:02 PM(UTC+0)
1/12/2021 5:34:14 PM(UTC+0)

15. P.B. provided the below timeline of investments:

    a. 10/29/2020 - $200,000 wire transfer to purchase contracts from Towne Properties.

    b. 11/06/2020 - $300,000 wire transfer to purchase a landscape business in Florida.

    c. 12/24/2020 - $100,000 wire transfer for a business startup in Florida.

    d. 01/06/2021 - $270,000 wire transfer to buy out an additional business in Florida.

    e. 01/08/2021 - $419,070 attempted wire transfer for a startup business in Florida.

16. P.B. advised that on or about November 13, 2020, SKEENS was visiting P.B. at his/her residence. During that time, SKEENS stated he could win a lot of money gambling. SKEENS then asked for a deck of cards, and SKEENS pulled a deck from his pocket. SKEENS then shuffled the two (2) decks together and dealt the cards. P.B. advised SKEENS kept winning hand after hand. P.B. was convinced and agreed to give SKEENS $200,000. P.B. advised that he/she had little contact with SKEENS; however, upon his return, SKEENS advised he lost $600,000 in Las Vegas and that he would try to get the money back.

## BANK OF AMERICA ACTIVITY

17. Bank of America advised that the personal checking account ending in 1732 is owned by Jeremy M. SKEENS and was opened on or about September 30, 2020, in Nevada. The account is currently open and had a balance of $125,686.25, as of March 17, 2021.

18. Bank of America advised that the business checking account ending in 7835 is owned by Landcorp Ground Specialists LLC and was opened on or about October 2, 2020, in Nevada. The account is currently open and had a balance of $9,459.05, as of March 17, 2021.

19. Bank of America conducted a review of the account ending in 7835 and observed that between October 2, 2020 and January 11, 2021, over $1,242,824.73 was credited to the account via incoming ACH credits, wire transfers and cash transacted at Bank of America locations in Nevada and Ohio. A review of wire transfers showed that between October 29, 2020 and January 6, 2021, $1,070,000.00 was credited via incoming wire transfers from JP Morgan Chase account 931718845, remitter being an individual with the initials P.B.

20. From on or about October 14, 2020 and January 11, 2021, $1,117,480.00 was transferred from the business account ending in 7835 into SKEENS' personal account ending in 1732

and that $35,519.73 was withdrawn in cash from the business account ending in 7835 at various financial institutions in Florida, Nevada, and Ohio.

## WIRE TRANSFERS

21. From at least October 29, 2020, through at least January 6, 2021, P.B. was an authorized signer on the bank account at JP Morgan Chase Bank, NA.

22. From at least September 30, 2020, through at least January 11, 2021, Jeremy SKEENS was an authorized signer on two bank accounts at Bank of America, the **TARGET ACCOUNTS**. One of these accounts was opened under the name of Jeremy SKEENS. The other, a business account, was opened under the name of LandCorp Ground Specialists LLC.

23. A review of documents provided from JP Morgan Chase Bank and Bank of America showed the following wire transfer activity between the victim P.B. account and the **TARGET ACCOUNTS**:

    a. On or about October 29, 2020, victim P.B. conducted a $200,000 wire transfer from his/her JP Morgan Chase account to Landcorp Ground Specialist LLC.

    b. On or about October 29, 2020, Jeremy SKEENS conducted a $200,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

    c. On or about October 29, 2020, Jeremy SKEENS conducted a $67,500 wire transfer from his personal checking account to the Seminole Tribe of Florida. Investigators were advised that the Seminole Tribe of Florida account wires were credited to the Seminole Hard Rock Casino, Tampa, Florida.

    d. On or about October 30, 2020, Jeremy SKEENS conducted a $50,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

    e. On or about October 30, 2020, Jeremy SKEENS conducted a $97,500 wire transfer from his personal checking account to the Seminole Tribe of Florida.

    f. On or about November 6, 2020, victim P.B. conducted a $300,000 wire transfer from his/her JP Morgan Chase account to Landcorp Ground Specialist LLC.

    g. On or about November 6, 2020, Jeremy SKEENS conducted a $200,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

    h. On or about November 6, 2020, Jeremy SKEENS conducted a $80,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

i. On or about November 6, 2020, Jeremy SKEENS conducted a $100,000 wire transfer from his personal account to the Seminole Tribe of Florida.

j. On or about November 9, 2020, Jeremy SKEENS conducted a $16,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

k. On or about November 9, 2020, Jeremy SKEENS conducted a $80,000 wire transfer from his personal account to the Seminole Tribe of Florida.

l. On or about November 16, 2020, victim P.B. conducted a $200,000 wire transfer from his/her JP Morgan Chase account to Landcorp Ground Specialist LLC.

m. On or about November 16, 2020, Jeremy SKEENS conducted a $160,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

n. On or about November 18, 2020, Jeremy SKEENS conducted a $142,500 wire transfer from his personal checking account to Mandalay Bay LLC.

o. On or about November 20, 2020, Jeremy SKEENS conducted a $15,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

p. On or about December 24, 2020, victim P.B. conducted a $100,000 wire transfer from his/her JP Morgan Chase account to Landcorp Gound Specialist LLC.

q. On or about December 29, 2020, Jeremy SKEENS conducted a $67,500 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

r. On or about December 29, 2020, Jeremy SKEENS conducted a $1,500 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

s. On or about December 29, 2020, Jeremy SKEENS conducted a $900 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

t. On or about December 29, 2020, Jeremy SKEENS conducted a $67,500 wire transfer from his personal checking account to Seminole Tribe of Florida.

u. On or about January 6, 2021, victim P.B. conducted a $270,000 wire transfer from his/her JP Morgan Chase account to Landcorp Ground Specialist LLC.

v. On or about January 7, Jeremy SKEENS conducted a conducted a $150,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

w. On or about January 7, 2021, Jeremy SKEENS conducted a $135,000 wire transfer from his personal checking account to Seminole Tribe of Florida.

x. On or about January 8, Jeremy SKEENS conducted a conducted a $150,000 online bank transfer from Landcorp Ground Specialist LLC account to his personal checking account.

y. On or about January 7, 2021, Jeremy SKEENS conducted a $8,000 wire transfer from Landcorp Ground Specialist LLC to LCNB National Bank. Investigators later discovered that this account belongs to a company that boards horses.

## CONCLUSION

24. Based on the above information, your Affiant asserts there is probable cause to seize the contents of the **TARGET ACCOUNTS** because they constitute or are derived from proceeds traceable to an offense constituting specified unlawful activity, namely, wire fraud in violation of 18 U.S.C. § 1343 and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) (civil) and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) (criminal).

## REQUEST FOR SEALING ORDER

25. Release of the information contained in this affidavit and related papers is likely to hinder and impede this continuing investigation as well as similar investigations currently being conducted by the United States Secret Service and U.S. Attorney's Offices in various other Districts around the country. Accordingly, it is respectfully requested that this Application, the Affidavit in Support of Application for Seizure Warrant (including the attachment thereto), and the Seizure Warrant itself (except for such copies as are necessary for its implementation), be sealed until further Order of the Court so as to not jeopardize these ongoing criminal investigations.

Respectfully submitted,

*Douglas J. Dean*
DOUGLAS J. DEAN
Special Agent
United States Secret Service

Sworn to and subscribed before me this __19th__ day of March 2021, at Cincinnati, Ohio.
via electronic means, specifically Facetime video.

*Stephanie K. Bowman*
HONORABLE STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

